**Electronically Filed
Supreme Court
SCWC-10-0000069
01-MAY-2012
09:29 AM**

NO. SCWC-10-0000069

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

TOMMY W. BULLARD, Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. CAAP-10-0000069; CASE NO. 1DTA-10-01412)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, Duffy, and McKenna, JJ.;
with Acoba, J., Concurring and Dissenting Separately)

Petitioner/Defendant-Appellant Tommy W. Bullard
(Bullard) seeks review of the Intermediate Court of Appeals'
(ICA) August 26, 2011 judgment on appeal, which affirmed the
district court of the first circuit's (district court)
September 7, 2010 judgment of conviction and sentence.[1]  The
district court found Bullard guilty of Operating a Vehicle Under
the Influence of an Intoxicant (OVUII), in violation of Hawai'i
Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2009), as a first-

---

[1]    The Honorable Lono J. Lee presided.

time offender under HRS § 291E-61(b)(1) (Supp. 2009).[2]  We

---

[2]    At the time of the alleged offense, HRS § 291E-61 provided in pertinent part:

(a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

. . .

(b)    A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows without possibility of probation or suspension of sentence:

(1)    Except as provided in paragraph (2), for the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):

(A)    A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;

(B)    Ninety-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the ninety-day period, a restriction on a category (1), (2), or (3) license under section 286-102(b) that allows the person to drive for limited work-related purposes and to participate in substance abuse treatment programs;

(C)    Any one or more of the following:

(i)    Seventy-two hours of community service work;

(ii)   Not less than forty-eight hours and not more than five days of imprisonment; or

(iii)  A fine of not less than $150 but not more than $1,000;

continue...

2

accepted Bullard's application for writ of certiorari (Application) and now vacate the judgment of the ICA and remand to the district court with instructions to dismiss without prejudice.

Bullard's first six questions presented summarily contend that the ICA erred in concluding that the State was not required to allege mens rea in his OVUII charge under HRS § 291E-61(a)(1). In State v. Nesmith, ___ Hawai'i ___, ___ P.3d ___ (2012), we held that an OVUII charge under HRS § 291E-61(a)(1) must allege mens rea in order to fully define the offense in unmistakable terms readily comprehensible to persons of common understanding in order to inform the accused of the nature and cause of the accusation.

Here, following Nesmith, the ICA erred by concluding that mens rea need not be alleged in a HRS § 291E-61(a)(1) charge. Without such allegation, Bullard's HRS § 291E-61(a)(1) charge fails to fully define the OVUII offense in unmistakable terms readily comprehensible to persons of common understanding

---

[2]...continue

> (D)   A surcharge of $25 to be deposited into the neurotrauma special fund; and
>
> (E)   May be charged a surcharge of up to $25 to be deposited into the trauma system special fund if the court so orders[.]

HRS §§ 291E-61(a)(1) and (b)(1) (Supp. 2009).

3

and is, therefore, fatally deficient.[3]  Accordingly, Bullard's OVUII conviction under the deficient (a)(1) charge cannot stand.

IT IS HEREBY ORDERED that: (1) the ICA's judgment affirming the district court's judgment of conviction and sentence is vacated; and (2) the case is remanded to the district court with instructions to dismiss without prejudice.

DATED:  Honolulu, Hawai'i, May 1, 2012.

| | |
|---|---|
| Timothy I. MacMaster for petitioner/defendant-appellant | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for respondent/ plaintiff-appellee | /s/ James E. Duffy, Jr. |
| | /s/ Sabrina S. McKenna |



---

[3]   Because we vacate the ICA's judgment based on Bullard's first six questions presented, we do not reach his remaining points of error.